# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CONNIE CHEADLE,**

       **Plaintiff,**

       v.

**GENCO I, INC.,**

       **Defendant.**

**Case No. 2:11-cv-566**
**JUDGE SMITH**
**Magistrate Judge King**

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Partial Judgment on the Pleadings (Doc. 4). This motion is fully briefed and ripe for disposition. For the reasons that follow, the Court **GRANTS** Defendant's motion.

### I. BACKGROUND

In May 2011, Plaintiff Connie Cheadle initiated this action against Defendant GENCO I, Inc., alleging claims of Family and Medical Leave Act ("FMLA") violations, intentional and/or negligent infliction of emotional distress, and wrongful termination in violation of public policy. These claims arise out of the termination of Plaintiff's employment with Defendant. Plaintiff alleges that she requested leave under the FMLA due to her husband's serious health condition, and that Defendant considered this fact in disciplining her and ultimately terminating her employment. Although initially filed in state court, this action was removed to this Court as one arising under federal law. In June 2011, Defendant filed its Answer (Doc. 3) and a Motion for

Partial Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Doc. 4). Defendant moved for judgment in its favor on Plaintiff's claims of intentional infliction of emotional distress, negligent infliction of emotional distress, and wrongful discharge in violation of public policy. This motion has been fully briefed and is ripe for disposition.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." It is well-settled that the standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as that used to address a motion to dismiss under Rule 12(b)(6). *See, e.g., Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987) (noting that where a Rule 12(b)(6) defense of failure to state a claim upon which relief may be granted is raised by a Rule 12(c) motion for judgment on the pleadings, the Court must apply the standard for a Rule 12(b)(6) motion).

Rule 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Rule 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978). Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires the complaint

to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"

A court, in considering a 12(b)(6) motion to dismiss, must "construe the complaint in the light most favorable to the plaintiff," accepting as true all the plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). Although in this context all of the factual allegations in the complaint are taken as true, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Furthermore, to survive dismissal pursuant to Rule 12(b)(6), a claim must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 1950. While a complaint need not contain "detailed factual allegations," its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " *Iqbal*, at 1950 (quoting Fed. Rule Civ. Proc. 8(a)(2)). In the final analysis, the task of determining plausibility is "context-specific [and] requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Accordingly, the Court will grant a motion for judgment on the pleadings if there is an

absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *Little v. UNUM Provident Corp.*, 196 F. Supp.2d 659, 662 (S.D. Ohio 2002) (Graham, J.) (citing *Rauch*). Stated differently, "[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citations and quotation marks omitted).

## III. DISCUSSION

Plaintiff essentially asserts four claims against Defendant: an FMLA violation claim, and Ohio law claims of intentional inflection of emotional distress, negligent inflection of emotional distress, and wrongful termination in violation of public policy. Defendant moves to dismiss the Ohio law claims, and these will be discussed in turn.

### A. Intentional Infliction of Emotional Distress

Defendant argues that because Plaintiff fails to allege facts demonstrating the necessary elements of a claim of intentional infliction of emotional distress under Ohio law, it is entitled to judgment as to this claim. Under Ohio law, to show intentional infliction of emotional distress, a plaintiff must prove (1) that the defendant intended to cause the plaintiff serious emotional distress, (2) that the defendant's conduct was extreme and outrageous, and (3) that the defendant's conduct was the proximate cause of the plaintiff's serious emotional distress. *Phung v. Waste Mgt.*, Inc., 644 N.E.2d 286, 289 (Ohio 1994). Defendant asserts that Plaintiff fails to allege facts to demonstrate either "extreme and outrageous" conduct or "serious emotional

4

distress." Plaintiff argues that she has sufficiently pleaded this claim.

The Court will first analyze whether Plaintiff alleges "extreme and outrageous" conduct. The Ohio Supreme Court has held that a plaintiff may establish intentional infliction of emotional distress only if "the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 376 (6th Cir. 1999) (citing *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen & Helpers of America*, 453 N.E.2d 666, 670 (Ohio 1983) (quoting Restatement (Second) of Torts § 46 (1965))). Thus, liability under this theory only exists where "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' " *Yeager*, at 671.

Furthermore, the Sixth Circuit, in analyzing Ohio law, has stated that "an employee's termination, even if based upon discrimination, does not rise to the level of 'extreme and outrageous conduct' without proof of something more. If such were not true, then every discrimination claim would simultaneously become a cause of action for the intentional infliction of emotional distress." *Godfredson*, at 376 (citing *Baab v. AMR Services Corp.*, 811 F. Supp. 1246, 1269 (N.D. Ohio 1993) ("[T]o say that Ohio courts narrowly define 'extreme and outrageous conduct' would be something of an understatement."); *Bryans v. English Nanny and Governess Sch., Inc.*, 690 N.E.2d 582, 592 (1996) (holding that even if the plaintiff-student proved her claim of discrimination on the basis of disability, the school's conduct was "not so extreme or outrageous as to be intolerable in a civilized community").

Plaintiff alleges that she availed herself of protected rights under the FMLA by providing

5

notice of her intention to take FMLA leave due to her husband's serious health condition, and that Defendant considered this fact in disciplining her and subsequently terminating her employment in violation of the FMLA. According to Plaintiff, Defendant "intended to cause emotional distress," and she describes Defendant's conduct as "outrageous." (Compl. ¶ 15-16).

Even if Plaintiff's factual allegations are true, they do not rise to the level of "outrageous and extreme" conduct required to demonstrate intentional infliction of emotional distress. In this regard, the Court agrees with Defendant's assertion that Plaintiff's "emotional distress claim is essentially a recasting of her FMLA wrongful discharge claim, characterizing GENCO's termination of her employment as 'outrageous,' but offering no additional facts to support this conclusory label." (Def.'s Mem. in Support, p. 4). Although Plaintiff characterizes Defendant's alleged conduct as outrageous, she does not identify any facts in the Complaint that would demonstrate that her claim is based on conduct beyond that describing Defendant's alleged violation of her rights under the FMLA. In the absence of any alleged facts that a reasonable person could find "as beyond all possible bounds of decency," Plaintiff fails to allege a viable intentional infliction of emotional distress claim. Plaintiff's claim must be dismissed on this basis, and it is therefore unnecessary to consider whether Plaintiff sufficiently alleges the other elements of this claim.

### B. Negligent Infliction of Emotional Distress

Defendant argues that Plaintiff's negligent infliction of emotional distress claim must be dismissed because Ohio courts do not recognize a claim of negligent infliction of emotional distress in the context of a wrongful discharge. Plaintiff argues that while it is the general rule that claims for negligent infliction of emotional distress are not recognized in the employment

context in Ohio, there are exceptions to this general rule, and the pleadings here are sufficient to support this cause of action.

Generally, Ohio courts do not recognize negligent infliction of emotional distress as a separate tort in the employment context. *See Browning v. Ohio State Hwy. Patrol*, 786 N.E.2d 94, 105 (Ohio Ct. App. 2003) (analyzing the issue of whether Ohio courts recognize claims for negligent infliction of emotional distress in employment situations); *see also Williams v. York Int'l Corp.*, 63 F. App'x 808 (6th Cir. 2003) ("Ohio courts do not recognize a separate tort for negligent infliction of emotional distress in the employment context."). However, the Supreme Court of Ohio, in *Kerans v. Porter Paint Co.*, 575 N.E.2d 428 (Ohio 1991), created an exception to this rule. In *Kerans*, the Court recognized a claim by an employee for intentional or negligent infliction of emotional distress against an employer when the cause of action was based on a supervisor's repeated, severe sexual harassment, and when the supervisor had a history of sexually harassing behavior about which the employer knew or should have known. *Id.* at syllabus.

Subsequent case law in Ohio, however, limited the *Kerans* case to its facts. *See Browning*, at 106 (finding that the scope of the *Kerans* holding has been limited to that case's particular facts). And one year after *Kerans* was decided, the Ohio Supreme Court stated that "Ohio courts have limited recovery for negligent infliction of emotional distress to such instances as where one was a bystander to an accident or was in fear of physical consequences to his own person." *High v. Howard*, 592 N.E.2d 818, 820-21 (Ohio 1992) (citing *Paugh v. Hanks*, 451 N.E.2d 759 (Ohio 1983), and *Criswell v. Brentwood Hosp.*, 551 N.E.2d 1315 (Ohio Ct. App. 1989)), *overruled on other grounds*, *Gallimore v. Children's Hosp. Med. Ctr.*, 617 N.E.2d 1052 (Ohio 1993).

Plaintiff does not allege facts that would place her claim within the limited holding of *Kerans*, nor does she allege that she was a bystander to an accident or was in fear of physical consequences to her own person. In sum, while there may be narrow circumstances in which a negligent inflection of emotional distress claim is viable in the employment context, Plaintiff does not allege facts that would demonstrate the applicability of an exception to the well-settled general rule in Ohio. Therefore, Plaintiff fails to allege facts supporting a claim for negligent infliction of emotional distress, and Defendant is entitled to judgment as a matter of law on this claim.

**C. Wrongful Discharge in Violation of Public Policy**

Defendant argues that Plaintiff's public policy wrongful discharge claim is not a recognized claim for relief. Conversely, Plaintiff argues that she has sufficiently stated a claim for wrongful termination in violation of public policy.

Employment relationships in Ohio are generally governed by the common-law doctrine of employment at will, but Ohio law does recognize claims for wrongful discharge in violation of public policy. *See Wiles v. Medina Auto Parts*, 773 N.E.2d 526, 529 (Ohio 2002) (plurality opinion). To prove this tort, the plaintiff must "establish the existence of clear public policy, that a dismissal of employees under the circumstances employed in the particular case would jeopardize the public policy, that the dismissal was related to the public policy, and that the employer lacked an overriding legitimate business justification for the dismissal." *Collins v. Rizkana*, 652 N.E.2d 653, 657-58 (Ohio 1993). The clarity and jeopardy elements are questions of law, and the causation and overriding justification elements are questions of fact. *Id.* at 658.

Regarding the clarity element, a plaintiff must show the clear public policy "was

manifested in a state or federal constitution, statute or administrative regulation, or in the common law." *Wiles*, at 529. As to the jeopardy element, "there is no need to recognize a common-law action for wrongful discharge" if "the sole source of the public policy opposing the discharge is a statute that provides the substantive right and remedies for its breach." *Id.* at 531. Stated differently, it "is clear that when a statutory scheme contains a full array of remedies, the underlying public policy will not be jeopardized if a common-law claim for wrongful discharge is not recognized based on that policy." *Leininger v. Pioneer Natl. Latex*, 875 N.E.2d 36, 42 (Ohio 2007).

Plaintiff's Complaint alleges that her employment with Defendant was terminated on the basis of her request for FMLA leave, in violation of the FMLA and public policy. Although the Complaint references Title VII of the Civil Rights Act of 1964 and the Ohio Civil Rights Act in identifying herself as an "employee" and Defendant as an "employer," she does not allege any violation of either of these Acts. In opposition to Defendant's pending motion, however, Plaintiff asserts that her employment was terminated in violation of public policy reflected in the FMLA, Title VII of the Civil Rights Act of 1964, and the Ohio Civil Rights Act. Plaintiff also asserts that Defendant fired her in violation of its own policies and the policy of "all places of employment." (Pl. Mem. in Opp., p. 5). According to Plaintiff, she was unfairly discriminated against in violation of public policy because she was wrongfully discharged on the basis of her request for FMLA leave.

As to the public policy manifested in the FMLA, the Ohio Supreme Court concluded that "Ohio does not recognize a cause of action for wrongful discharge in violation of public policy when the cause of action is based solely on a discharge in violation of the FMLA." *Wiles*, at 246.

9

Plaintiff does not directly challenge this principle of Ohio law, but instead attempts to broaden her claim to be somehow covered by public policy manifested in Title VII of the Civil Rights Act of 1964 and the Ohio Civil Rights Act. But Plaintiff does not explain how Title VII or the Ohio Civil Rights Act are potentially applicable to alleged retaliation on the basis of an FMLA request. Nonetheless, Plaintiff's public policy wrongful discharge claim is not viable because the statutes upon which she cites provide a full array of remedies to protect against wrongful conduct that is prohibited by that legislation. *See, e.g., Carrasco v. NOAMTC Inc.*, 124 F. App'x 297, 304 (6th Cir. 2004). Furthermore, Plaintiff's general reference to the policies of Defendant and other employers is unconvincing because these policies are not independent sources of public policy, even though they would almost certainly reflect public policy manifested in sources of law.

Here, Plaintiff has brought a statutory claim under the FMLA for the Defendant's alleged violation of the FMLA, and she is attempting to bring virtually the same action under Ohio common law. The public policy that Plaintiff seeks to invoke by her allegation of wrongful termination is codified in, and protected by, the FMLA. That is, the FMLA provides adequate remedies to protect and vindicate Ohio's public policies against unlawful employment discrimination for legitimate medical leave. Because Plaintiff cannot satisfy the jeopardy element of an Ohio common-law action for wrongful discharge in violation of public policy, her claim is not viable and must be dismissed.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Partial Judgment on the Pleadings (Doc. 4). Accordingly, Plaintiff's claims of intentional and/or negligent infliction of emotional distress and wrongful termination in violation of public policy are hereby

**DISMISSED**.  Plaintiff's FMLA claim remains pending.

The Clerk shall remove Document 4 from the Court's pending motions list.

**IT IS SO ORDERED.**

                                         *s/ George C. Smith*
                                        **GEORGE C. SMITH, JUDGE**
                                        **UNITED STATES DISTRICT COURT**